Hitchcock, J.
The single question in this case is, whether to sustain a plaintiff’s demand, where he declares for money had and received, a promissory note, purporting to be made by the defendant, can be given in evidence without previous proof of its execution. And this question must be answered by the construction of the statutes of the state, dispensing with proof in certain cases. By the rules of evidence, as known to the common law, the execution of such note must be proved before it can be read to a jury. How far has this rule been altered by the legislation of Ohio ?
*By the act of March 9, 1838, amendatory to the act entitled “ an act dispensing with proof in certain cases,” it is enacted, ‘‘ that upon plea of non est factum to a bond, offered by the person *charged as the obligor or grantor of a deed, or plea of non assumpsit, or nil debet, offered by the person charged as the maker, or indorser of any jmomissory note, or drawer, indorser, or acceptor of any •bill of exchange, it shall not be necessary for the plaintiff to prove the execution of the deed, the making of the note, or the drawing or accepting the bill of exchange, upon which suit is brought, or any indorsement thereon, unless the party offering such plea shall make affidavit of the truth thereof,” etc.
This statute would seem to be sufficiently explicit, and, at the time the first law upon the subject was passed, could not have been misunderstood. The plea to be verified by affidavit must be •offered by a person “ charged ” as the obligor of a bond, or maker of a promissory note. When, in legal parlance, and in the prog *223 ress of a suit, can a man be said to be “ charged” as the maker of a promissory note? Unquestionably, when the suit is against him, and in the declaration, it is alleged that he made the note. This charge must be made before plea pleaded, that the defendant may know to what he is called upon to answer or plead. And this being made known to him, if he would put the plaintiff to the common-law proof, he must verify his plea by affidavit. Certainly, a defendant can not be said to be “ charged ” as maker, within the meaning of the statute, when upon trial the note is offered in evidence. It is then too late for him to make affidavit to the truth of his plea, or that he did not make the note.
It is said, however, that the promissory note may be given in evidence to sustain a declaration for money had and received, and that it is a very common practice to introduce promissory notes in evidence under such declarations. This is all very true. But the note is received in proof, not because it is a promissory note, but as furnishing evidence that the maker has received money of the payee. It is received *upon the same principle as is [265 an accountable receipt. The latter, however, can not be received without proof of its execution, neither should the former, both being offered with the same view, and to effect the same purpose.
This practice of declaring for money had and received, and sustaining the declaration by the exhibition of a promissory note in evidence, is of modern invention, and introduced, I suppose, to save the labor of declaring specially. But if this labor-saving process is adopted, the party adopting it must suffer the consequences. And it will be found easier, I imagine, to declare specially, than to bring forward witnesses to prove the execution of a note. This principle of dispensing with proof, unless the plea of the general issue to an action upon a bond, or upon a promissory note, was verified by affidavit, was first introduced into our system by an act of February 4,1813. Chase’s Stat. 797. At that time, the uniform practice was to declare specially upon such instruments, and the law was intended to meet such cases. And it is for this cause I have said, that when the first law upon the sub ■ ject was passed, it could not have been misunderstood.
But it is said, it can make no difference with a defendant whether the declaration is general or special, for the reason that he may, if he will, compel a plaintiff to furnish him with a bill of *224 particulars.. It is true he may do it, but he is not bound to do it. Nor is his plea an answer to, or to be controlled by the bill of particulars. The ploa is intended as an answer to the declaration.
Suppose, however, that the bill of particulars is furnished. If from that it should appear that the declaration is intended to be sustained alone by the introduction of a promissory note, a defendant might venture to make affidavit to the truth of his plea. But suppose the bill of particulars should contain other matters, for which he knew himself to be liable, how could he then swear to the truth of his plea? He could not do it without putting himself in danger of a prosecution for perjury.
* Again, the proof dispensed with is proof of the execution of the bond or note 11 upon which'suit is brought.” Can a suit be said to be brought upon a bond, unless the bond is the foundation of the suit—unless it is declared upon ? Nor can a suit be said to be brought upon a promissory note, unless it shall appear from the pleadings that such is the fact. It would not be sufficient to show it by the proofs in the case.
Upon a careful examination of the statute, we are brought to the conclusion, that it is only, where a note is specially declared upon that a defendant will be compelled to make affidavit of the truth of his plea, in order to put a plaintiff upon proof of the execution of such instrument. If the plaintiff elects to declare for money had and received, he can not avail himself of the provisions of the statute. In such case he is left as at common law.
There is nothing new in this decision. In the case of Putnam’s Ex’r. v. Clark, Wright, 595, which was an action upon a note, the defendant pleaded the general issue, and gave notice of set-off. Under this notice the defendant offered in evidence a promissory note, made by the testator, without proof‘of its execution, but it was rejected by the court. Now, a notice of set-off can not be more general than is a declaration for money had and received. And it would be far from administering even-handed justice, to permit a plaintiff, under.such a declaration, to give a promissory note, without proof of its execution, in evidence, and to deny the same privilege to a defendant under his notice of set-off. This case was decided by Judges Lane and Wright.
The same question was presented to Judges Wright and Wood in the case of Hamilton v. Phelps, and decided in the same way. Wright, 689. In this case the court say, “ the statute referred to, *225 exonerate the plaintiff from, proving the execution of a promissory note declared upon, unless a defendant annex to his plea of the general issue an affidavit of its truth.”
This question is now for the first time presented to the *court in bank. The case of Harris v. Clark et al., 10 Ohio, 5, was an action by the holder of a promissory note against a remote indorser. , The special count in the declaration being defective, the plaintiff offered the note under the count for money had and received. There was no controversy about its execution, or as to the indorsement. The court held that it was competent evidence, but say: “ This mode of declaring in a case like the present, is one, probably, which ought not to be encouraged ; nor can a plaintiff, by adopting it, gain any advantage that he would not have had by declaring specially. By adopting it, .he might, by possibility, lose the benefit of our statute dispensing with proof in certain eases, if not the penalty, accruing upon appeals for delay.” Had this particular question been presented to the court) in the case last referred to, I have no doubt that it would have been held that proof of execution could not be dispensed with, unless the note was specially declared upon. And the above intimation was unquestionably made to warn the profession of the danger to be apprehended from adopting this loose mode of declaring.
We are of opinion that the court of common pleas' erred in permitting the notes referred to in the bill of exceptions, to go in evidence to the jury, without proof of their execution and for this cause the judgment must be reversed, with costs, and remanded for further proceedings.